Haii, Judge,
 

 delivered the opinion of the Court:— The first question in this case is, whether the lessor of the Plaintiff, claiming to be a purchaser at a Sheriff’s sale, be bound to shew the judgment on which the exe- • cution issued. Not to require a party, claiming under an execution, to produce the judgment, is to say that the execution would convey the property, although no judgment exists; or, in other words, that the execution is sufficient evidence of the judgment, and that the purchaser under it, shall retain the property against the true owner, although no judgment was ever obtained against him. We should pause before we adopt a rule that would give rise to such consequences. It is a principle, never to be lost sight of, that no person should be deprived of his property or rights, without notice and an opportunity of defending them. This right is guaranteed by the constitution. Hence it is, that no Court will give judgment against any person, unless such person have an opportunity of shewing cause against it. A judgment entered up otherwise would be a mere nullity. Courts of Justice adhere so strictly to this rule, that when a judgment is produced, the strong presumption arises that the parties to it had notice.
 

 It may be said, that an execution is evidence of a judgment, and that a judgment pre-supposes notice ,* this presumption in the latter case is much weaker. A judgment is matter of record, and entered up under the inspection of judicial officers ; an execution issues out of term-time by the Clerk, who is altogether a ministerial
 
 *163
 
 officer, and such execution does not become a record until it be returned. It is true, that where an execution is- ,. , , . sues to a distant county, it would be inconvenient to require the purchaser to ascertain file fact, whether a judgment had been rendered ,• but he is not required to search for the judgment when he purchases
 
 \
 
 he advances his money at his own risk, and is required to shew the judgment when the right to the property is contested. Is it not belter that this should be the case, than that a man should'lose his property when no judgment lias been rendered against him ? Would it not be iniquitous to say, that if a Clerk be corrupt enough to issue an execution where there is no judgment to support it, the property of the Defendant, in the execution, shall he transferred to the purchaser, when the true owner had no notice of such execution? If there be a judgment, it ought to be
 
 produced;
 
 if there be none, the right of property ought not to be changed
 
 ;
 
 tiie execution should have no other effect than to justify the officer who acts under it.
 

 It has been argued for the Plaintiff, that, as Adams’ was the Defendant in the execution under which the Defendant purchased, the Plaintiff is not bound to produce the judgment on which the execution
 
 issued;
 
 and the case of
 
 Lake
 
 v.
 
 Billers,
 
 &c. (1
 
 Ld. Ray. 758,)
 
 has been relied upon, as well as some other cases, in which the one in Lord Raymond is mentioned with approbation. To this we may repeat what has been said, that where. a person claiming under an execution produces it, but is excused from producing the judgment upon which it issued, such person can successfully contest the right of property under such execution, although no judgment was ever obtained. It matters not whether a thing exist, or not, if it be not required to be shewn. The Defendant would be awkwardly situated, if he were required to shew the negative fact, that no judgment existed against him. If there be no judgment, an execution cannot change the right of property.
 

 
 *164
 
 ^Vhat constitutes such a judgment and execution in cases like the present, is pointed out in the act of 1794, ch. 13. The 25th section of that act, directs that when ,an execution issues to a constable, in case of "deficiency of personal estate, he shall levy upon lands, &c. and make return thereof to the Justice who issued the same; which Justice shall return such execution, with all other papers, on which judgment was given, to the next County Court to be held for his county. It is then declared to be the duty of the Clerk to record the whole proceedings had before the Justice and all the papers. The Court are then required to make an order directing the Sheriff to sell such lands, or so much of them as will be sufficient to satisfy such judgment; a copy of which record is directed to be made by the Clerk; and such order of sale by the Court, constitutes the judgment required in this case. The judgment before the Justice necessarily forms part of the proceedings. Judgment for the Defendant.