Nash, J.
 

 In the opinion of the Judge below we entirely concur. The plaintiff claims to be a purchaser at an execution sale, made by the sheriff In order to sustain his title, it is sufficient for him to show a judgment, execution sale, and the sheriff’s deed. He did show a judgment in favour of Holmes and Bunting against Har-man Owen and an execution, but he has entirely failed to show, that that execution, or any other sufficient one, ever was in the hands of the sheriff or was so, at the time of the alleged sale. The sheriff’s deed is not evidence of the fact; nor does it set forth that execution or any other valid one. It is true the recital in a sheriff’s deed is no part of it; the deed is good without it, and of course if he misrecite the execution under which he sells, or recites no execution, his sale is nevertheless good, if, at the time he makes it, he has, in his hands a valid
 
 *83
 
 one.. But a more serious objection to the plaintiff’s recovery is, that there is no evidence in the case, that the sheriff ever did make any sale of the land in dispute. When a sheriff receives an execution, it is his duty to levy it, and make public sale of the property so levied on ; he cannot deliver it to the plaintiff in the execution in satisfaction of his debt, nor can he sell it at private sale ; and until he does sell it as the law directs, his deed can convey no title to the purchaser. It is the judgment, execution, sale, and conveyance by him, that completes the conversion of the property.
 

 There is no return upon the venditioni exponas, by the sheriff, of any sale ; nor is it essential there should be. When made, it is not conclusive on the parties, but may be controverted, and if omitted, may be supplied by testimony
 
 aliunde.
 
 The sheriff himself would have been a competent witness to prove the fact.
 
 McEntire
 
 v.
 
 Durham, 7
 
 Ired. 152.
 
 Carter
 
 v.
 
 Spencer, 7
 
 Ired. 14. Here, there is not the slightest evidence of any sale by the sheriff, apart from his deed, nor is it shown he ever had in his hands any valid execution whatever. If the deed were an ancient one, and possession had been held under it, a presumption of a sale might arise from the contents of the deed.
 

 Pee Cdbiam. Judgment affirmed.