Nasii, O. J.
 

 Several points are embraced in Ids Honor’s charge. The first is decisive of the case, and renders it unnecessary to consider the others. The defendant claimed title to the land in dispute, under Archibald McNeil, who derived title under an execution sale made by the sheriff of Cumberland, by virtue of an execution against Charles Shearing, under whom the plaintiff claims title. The sale was made in 1775. Charles Shearing died in 1786, and in 1788 his widow and children abandoned the possession of the land. The defendant showed a regular chain of title from McNeil to himself. Hie plaintiff objected that there was no sufficient judgment to warrant the issuing of the execution under which the sheriff of Cumberland sold the land in controversy ; nor was there any evidence that the sheriff either levied on the land or sold it. Ills Honor charged the jury, that it was not necessary for a purchaser at a sheriff’s sale (not being the plaintiff in the execution) to show the j udgment on which the execution was founded. But if the evidence satisfied them that the sheriff actually levied the execution against Charles Shearing, on the land in controversy, and sold it at public sale, for a valuable consideration, to Archibald McNeil, then the title passed to him, and the defendant was entitled to their verdict.
 

 The first branch of the charge is in conformity with the decision in
 
 Rutherford
 
 and
 
 Rayburn,
 
 10 Ire. 144. The evidence upon the second branch of the objection was the sheriff’s deed to McNeil, in which he recites the levy and the sale. It was insisted that the recital in a sheriff’s deed vas no part of the deed, and was therefore no evidence of the fact recited. This objection was founded,
 
 we
 
 presume, on what fell from the Court in the case,
 
 Owen
 
 v.
 
 Barksdale,
 
 8 Ire. Rep. 81, in
 
 *138
 
 which, the Court say, that a sheriff’s deed is not evidence of the fact. If the Court intended to convey the idea that a
 
 recital
 
 in a sheriff’s deed is not any evidence of the facts set forth in it, we do not concur in the opinion, but deem it an error. "We hold that the recital in the deed, was
 
 prima facie
 
 evidence of the facts set forth, it being the act of a public officer in discharging his official duties, reciting how and by what authority he had made the conveyance, nevertheless open to proof that the fact did not exist. If a sheriff’s deed have no recital, or sets forth in it an insufficient execution, the purchaser may prove, by any legal evidence, that the officer, at the time of the sale, had a sufficient execution, and for this purpose the sheriff is a competent witness; or it may be proved by other testimony.
 
 Carter
 
 v. Spencer, 7 Ire. 14, and
 
 McEntyre
 
 v.
 
 Durham,
 
 7 Ire. 151. If, however, the Court intended to- say that a sheriff’s deed, not containing any recital, did not, of itself, prove that the sheriff at the time of the sale had any sufficient execution to warrant the sale, we see no error in it. diarios Shearing, against whom the execution issued, died in 1186. At that time he had no seisin in the land in question, it having been duly sold, and could transmit to his heirs no heritable blood in it. The plaintiff, therefore, who claims under him by descent, or under his sons, has no title to the premises in dispute; but the title under the facts was in the defendant.
 

 Per Curiam.
 

 There is no error, and judgment is affirmed.