GEORGE W. McKEE v. E. N. LINEBERGER.

*Ejectment, evidence in— Witness under Section* 343.

1. In ejectment, as in other cases, the order in which evidence is introduced is discretionary with the presiding judge.
2. In such case, where the purchaser at sheriff's sale is the plaintiff in the execution, he must show both judgment and execution; if not, he need only show an execution, levy and sale. The plaintiff here bought under an execution to which he was a stranger, and hence the estoppel insisted on does not apply.

3. The recital in a sheriff's deed is *prima facie* evidence of the facts set forth.

4. The cases of *Morgan* v. *Bunting* and *Lockhart* v. *Bell*, 86 N. C. 66 and 443, in reference to competency of witness under section 343 of the Code, approved.

(*Rutherford* v. *Raburn*, 10 Ired., 144; *Morgan* v. *Bunting*, 86 N. C., 66; *Lockhart* v. *Bell*, Ib., 443; *Hardin* v. *Cheek*, 3 Jones, 135, cited and approved.)

EJECTMENT tried at July Special Term, 1882, of GASTON Superior court, before *Gudger, J.*

The plaintiff offered in evidence a deed from R. D. Rhyne, sheriff of Gaston county, to himself, dated 9th September, 1876, reciting judgments of G. W. McKee against Jacob Lineberger, and James M. Wright against Jacob Lineberger for the land in controversy.

The defendant objected to the introduction of this deed, because no record of any suit or action was shown as a foundation for issuing the execution, but the defendant stated he would show judgment, execution, &c., and the deed was allowed to be read in evidence to the jury. The defendant excepted.

In the progress of the trial the. plaintiff produced the judgment docket of Gaston county, in which was recorded the docketing of a judgment of Wright against Lineberger, and also a certified copy of a judgment of the supreme court, of G. W. McKee against Jacob Lineberger, but showed nothing more as to any suit constituted in court on which said judgments were or could be rendered, and proposed to read the same in evidence to the jury. To this the defendant objected. The objection was overruled and the evidence was admitted. The defendant excepted.

The record of the judgment docket above mentioned of Wright against Lineberger, was dated as having been docketed August 28th, 1873, for $254.66 in favor of Wright, and the copy of the judgment of the supreme court was certified as having been rendered at June term, 1873.

The plaintiff then offered in evidence an execution issuing from the supreme court on the 1st of July, 1876, in favor of G. W. McGee against Jacob Lineberger for $2,625, endorsed, " Levy made 3rd August, 1876 ;" also an execution in favor of James M. Wright against Jacob Lineberger, issued by the clerk of the superior court of Gaston county to the sheriff, on which was endorsed " Received July 3rd, 1876. Levy made August 3rd, 1876."

The plaintiff then testified that Sheriff Rhyne had the two executions in his hands at the time he purchased the land. This was objected to by the defendant on the ground that Rhyne was dead, (which was admitted) and that the plaintiff was an incompetent witness under section 343 of the Code. The objection was overruled and the defendant excepted.

The witness further testified that he purchased the land for $25.00 at the sale by Sheriff Rhyne, and paid him the money; that the defendant forbade the sale at the time he, the plaintiff, purchased the land, and he knew that the defendant had purchased the same land at a previous sale by the sheriff under an execution in his, plaintiff's, favor against Jacob Lineberger, which execution was issued at his instance.

The defendant offered in evidence a transcript from Lincoln superior court showing a judgment for $2,650.00 in favor of plaintiff, and execution issued November 20th, 1875, levied January 13th, 1876, and a sale to him, defendant, 3rd of April, 1876; also judgment docket of Gaston county, showing a judgment in favor of G. W. McKee against Jacob Lineberger, docketed November 8th, 1873, which was agreed to be for the costs in the action in which the foregoing judgment in favor of McKee against Lineberger was rendered ; also a sheriff's deed for the land made by Rhyne to the defendant, dated 3rd day of April, 1876,

in pursuance of the sale made by him under the execution issued on the judgment of McKee against Lineberger.

The clerk of the superior court of Lincoln testified in behalf of the plaintiff, that after the money was paid into his office by Sheriff Rhyne, the plaintiff came and demanded the money which was refused, upon the ground that it was to be applied to the costs of the action, and the plaintiff then drew a part of the money as assignee of some of the witness tickets. He further testified that the execution was issued in consequence of a letter addressed to him by the plaintiff.

Against the objection of the defendant, the court permitted the plaintiff to read a recital in the deed of the sheriff to the plaintiff, as some evidence of a levy and sale by him under the judgment in favor of Wright against Lineberger.

The defendant requested of the court the following instructions to the jury: If the plaintiff had the land sold on his judgment and received the purchase money or a part thereof and afterwards buys under another execution of older docketing, together with an execution in his own favor, the first purchaser as between them gets the title. This the court declined, and charged the jury, that if they should find from the evidence that there was a sale on the judgment of Wright against Lineberger, the plaintiff would be entitled to recover, for he was not estopped—the Wright judgment having been docketed prior to that of McKee against Lineberger; but if the land was sold on the judgment of McKee against Lineberger alone, the plaintiff could not recover.

There was a verdict for the plaintiff, judgment, appeal by defendant.

*Messrs. G. F. Bason* and *Hoke & Hoke* for plaintiff.
*Messrs. Bynum & Grier,* for defendant.

ASHE, J.   This appeal comes up upon exceptions taken by
the defendant to the admission of evidence, and the refusal
of the judge to give the instructions asked for.

The first exception was to the admission of a sheriff's deed
in evidence, before there had been any evidence introduced
to show any suit or action, as a foundation for issuing the
execution.

There is no force in this exception.   The plaintiff, as he
stated to the court he would do afterwards in the progress
of the trial, offered in evidence the record of the judgment
and execution under which the sale was had, in pursuance
of which the deed was executed to him by the sheriff.   If
the plaintiff had failed to produce the record of the judg-
ment, or at least the execution, the error might have been
readily cured by the court's withdrawing the evidence of
the deed from the consideration of the jury; but the evi-
dence was supplied, and it is a matter entirely within the
discretion of the court as to the order in which evidence
should be adduced before a jury.

The second exception was to the admission in evidence
of the transcript of the docketed judgment of Wright against
Lineberger, and the certified copy of the judgment in the
supreme court of McKee against Lineberger, upon the
ground that there was no evidence to show any suit con-
stituted in either court on which said judgments were or
could be rendered.

Where the purchaser at a sheriff's sale is the plaintiff in
the execution, in an action by him to recover the land pur-
chased, it is encumbent on him to show both a judgment
and execution; but if he is not the plaintiff in the execu-
tion, he need only show the execution.   *Rutherford* v. *Raburn*,
10 Ired., 144.   In this case, if the plaintiff acquired any
title under the sheriff's sale, it must have been under the
Wright judgment, for the counsel for the defendant were
understood to admit that the plaintiff could not acquire

any title under the execution from the supreme court; therefore he could only become a purchaser under the Wright judgment and execution, to which he was a stranger, and in that case he would only be required to show an execution issuing from a court of competent jurisdiction, a levy, or as the case might require, a docketed judgment, and a sale.

The next exception to the evidence was to the admission of the testimony of the plaintiff to the fact that the executions of Wright and McKee were both in the hands of the sheriff at the time of the sale, because Rhyne was dead and the witness was incompetent under C. C. P., § 343.

The objection was properly overruled. The knowledge of the fact that the executions were in the hands of the sheriff, was not necessarily obtained by a communication or transaction with him. The witness may have seen them in his possession, or he may have acquired the information by hearing the sheriff state the fact to some one else. But putting it in the strongest point of view for the defendant by conceding that the knowledge of the fact was obtained from a communication with the sheriff, there is no representative of his a party to this suit, and even conceding that the sheriff was the agent of the defendant in the sale of the land, it would not be incompetent for the witness to speak of a conversation with him. *Morgan* v. *Bunting*, 86 N. C., 66; *Lockhart* v. *Bell*, 86 N. C., 443.

The last exception to the evidence was to the reception of the recital in the deed of the sheriff of the executions of Wright and McKee, as evidence of the levy and sale. There can be no question about the admissibility of this evidence. It was expressly and *unqualifiedly* held in the case of *Hardin* v. *Cheek*, 3 Jones, 135, that the recital in a sheriff's deed is *prima facie* evidence of the facts set forth, it being the act of a public officer in discharging his official duties, reciting

how and by what authority he had made the conveyance, nevertheless open to proof that the fact did not exist.

The remaining exception to be considered was to the refusal of the judge to charge the jury that " if the plaintiff had the land sold on his judgment and received the purchase money or a part thereof, and afterwards buys under another execution of older docketing together with an execution in his own favor, the first purchaser would get the title." This exception was based upon the idea that the defendant would acquire under the circumstances mentioned the better title, by reason of an *estoppel in pais* upon the plaintiff. But we do not think the doctrine of estoppel has any application. For the reason above assigned, the execution from the supreme court should be considered as out of the question. The purchase then made by the plaintiff at the sheriff's sale was under the execution upon the Wright judgment, to which the plaintiff was a stranger and had the same right to buy under it as any other person.

There is no error. The judgment of the superior court must be affirmed.

No error. Affirmed.