C. B. CURLEE v. JOHN E. SMITH.

*Evidence—Recitals in Sheriff's deed—Executions—Declarations of defendant in ejectment—Wills.*

1. The recitals in a sheriff's deed are *prima facie* evidence of the sale and execution, and this rule is not varied by the fact that the deed was made by the sheriff after he had gone out of office (THE CODE, § 1267) where the recitals correspond with his return upon the execution, made while he was in possession of the office.

2. The return upon an execution is *prima facie* evidence of what it states, and, where the execution is proved to be lost, the entry on

CURLEE *v.* SMITH.

the minute docket of the execution and its return is admissible as secondary evidence to show that a writ of *renditioni exponas* issued to the sheriff, and was in his hands at the time of the sale.

3. One who claims title through another, by deed purporting to convey a fee simple, is estopped to deny the title.

4. Declarations of a defendant in ejectment, relating to the claim he sets up to the land, are relevant to the issue and receivable in evidence.

5. The act of assembly (THE CODE, § 2174) requiring copies of wills to be recorded in the county where the devised lands are situate, is prospective, and refers only to wills proved after November 1, 1883—the time when THE CODE went into effect.

(*Rutherford* v. *Raburn*, 10 Ired., 144; *Hardin* v. *Cheek*, 3 Jones, 135; *Rollins* v. *Henry*, 78 N. C., 342; *Edwards* v. *Tipton*, 77 N. C., 222; *McPherson* v. *Hussey* 2 Dev. Eq., 323; *Patterson* v. *Britt*, 11 Ired., 383; *Smith* v. *Lowe*, 5 Ired., 197; *Ives* v. *Sawyer*, 4 Dev, & Bat., 51; *Thomas* v. *Kelly*, 1 Jones, 375, cited and approved.)

EJECTMENT, tried at August Special term, 1884, of UNION Superior Court, before *MacRae, J.*

The plaintiff offered in evidence:

1. A copy of the will of Bryan Austin, dated August 11, 1842, and admitted to probate in the county of Stanly, where the testator resided at the time of his death, devising the "Mill tract" of land, situate in Union county, to his widow, Tempy Austin, during the minority of his two sons, John W. and Calvin, and as each of them came of age, then one-half of said tract to go to him.

2. A copy of the will of John W. Austin, dated March 18, 1848, devising his interest in the land to his mother for life, remainder in fee to his brother Calvin.

3. A copy of a deed executed by C. Austin, sheriff, to the plaintiff, dated April 28, 1873, reciting the sale, the execution, and the judgment, to-wit, a judgment in favor of H. M. Houston against Calvin S. Austin.

4. The plaintiff then introduced as a witness the clerk of the superior court of Union county, who testified that he

had made diligent search for the judgment and execution recited in the deed, and could not find them. He found a statement of the judgment and *vend. ex.* on the execution docket of Union county court, April term, 1863, which was offered in evidence, and is as follows: " H. M. Houston against Calvin S. Austin—judgment $4.26, and interest from the 7th of April, 1862, and costs." "I advertised the within land according to law, and sold the same at the court house in Monroe on the 7th of April, 1863, at which time and place C. B. Curlee became the last and highest bidder in the sum of twenty-five dollars, which is applied as follows—my fees and commissions, two dollars and twelve cents retained." (Signed by C. Austin, sheriff.)

The clerk also testified that Austin ceased to be sheriff of said county in 1868, and one (name not stated) was sheriff in April, 1873.

5. The minute docket of the county court was then offered in evidence, which contained the entry, " H. M. Houston against Calvin S. Austin—Attachment levied on land, and order of sale."

6. A deed from J. Marshall, administrator of Tempy Austin, to John E. Smith (the defendant) 17th of December, 1872, was then put in evidence for the purpose of showing that the defendant claims under Tempy Austin, and as an estoppel on defendant to deny that Bryan Austin was the owner of the land.

The plaintiff, a witness in his own behalf, testified that he had known the land in controversy for fifty-five years; has an acre of it in cultivation; the land was known as the " Bryan Austin Mill tract" ever since he knew it; the mill went down about thirty years ago; Tempy Austin was in possession of one-half of the tract, and Bryan was in possession before her; she was in possession up to the time John died; Bryan, Tempy and John are now dead; Calvin died eleven years before his mother, and John died a con-

siderable time before her death; Bryan was in possession when witness moved there fifty-five years ago, and remained in possession until he died in 1842.

The witness further testified that he went to see the defendant about the land, and the defendant claimed half of it, saying he bought it at the administrator's sale, mentioned above, and that it was put up as the property of Calvin S. Austin, but not sold as his, but was sold as the property of the intestate Tempy. Defendant also said he claimed all the mill-rocks, and only half of the land, because Calvin died before his mother.

The witness on cross-examination testified concerning the boundaries of the tract, but this is not material, as no question was raised as to the identity of the land.

The following issues were submitted to the jury:

1. Is the plaintiff the owner and entitled to the possession of the land described in the complaint?

2. Does the defendant wrongfully withhold the possession thereof from the plaintiff?

3. If so, what damage has plaintiff sustained?

The defendant, without offering any testimony, asked the following instructions:

1. In this action the plaintiff must recover upon the strength of his own title and not upon the weakness of that of the defendant, that is, the plaintiff must satisfy the jury by a preponderance of testimony that he has a title to the land, before the defendant is required to prove anything; and unless the plaintiff has so satisfied the jury, they must find for the defendant.

2. There is no evidence in this case, by paper title or possession, to show that Bryan Austin ever had title to the land in dispute.

3. Nor is the evidence sufficient to estop the defendant from denying that the title was in Bryan or Calvin Austin.

4. That according to plaintiff's own testimony, he is not entitled to recover.

5. The wills of Bryan and John, not being recorded in Union county, where the land in dispute lies, are not sufficient to pass title to the land, and therefore the plaintiff cannot recover. Instructions refused.

After stating that it was admitted the defendant is in possession of the land in dispute and described in the complaint, the judge charged the jury as follows:

The plaintiff offers the wills of Bryan and John W. Austin, and the sheriff's deed conveying Calvin's interest, and a deed from the administrator of Tempy to defendant to show that he also claims under Bryan Austin; and there being no evidence to the contrary, the jury will be obliged to find that both plaintiff and defendant claim under Bryan Austin, so that it will not be necessary to trace the title further back than to Bryan Austin. Now, starting at Bryan Austin, the owner of the land, from whom both parties claim, the plaintiff offers evidence, which is not contradicted, of the will of Bryan, the will of John, the deed of the sheriff to plaintiff, dated April 28, 1873, and reciting the sale under execution in April, 1863; and if the jury believe the evidence, they will find the first and second issues in favor of the plaintiff. Exception by defendant.

There was a verdict accordingly, and the damages were assessed at twenty-two dollars and fifty cents. Motion for new trial. Motion overruled. Judgment for plaintiff, appeal by defendant.

*Messrs. Payne & Vann*, for plaintiff.
*Messrs. Covington & Adams*, for defendant.

ASHE, J. The errors assigned by the defendant for a new trial were, the admission in evidence of the deed of the sheriff under its recitals, to prove the sale and the execu-

CURLEE *v.* SMITH.

tion under which it was made; the entries on the execution and minute docket of the county court of Union county; the declarations of the defendant; the instructions given by His Honor to the jury, and his refusal to give those asked by the defendant.

We think the sheriff's deed was competent for the purpose for which it was introduced; and as incident thereto, so were the entries on the execution and minute docket of the county court.

It is incumbent on every one who purchases land at a sheriff's sale and claims title thereto through a deed of the sheriff, to show, if he be the plaintiff in the judgment and execution, a judgment, execution and sale; but if he be a stranger to the judgment, then he need not show a sale and execution, in the hands of the sheriff authorizing him to sell, issued from a court of competent jurisdiction. *Rutherford* v. *Raburn*, 10 Ired., 144. And the recitals in the sheriff's deed are *prima facie* evidence of the sale and the execution, because, as said by Chief Justice NASH in *Hardin* v. *Cheek*, 3 Jones, 135, "it is the act of a public officer in discharging his official duties, reciting how and by what authority he had made the conveyance, nevertheless open to proof that the fact did not exist." To the same effect is the more recent case of *Rollins* v. *Henry*, 78 N. C., 342.

But here, it is insisted by defendant's counsel that the sheriff had gone out of office, and at the time he made the deed he was not acting under oath; but the execution was proved to have been lost, and in such a case it is competent to resort to secondary evidence to prove the execution and that it was in the hands of the sheriff, or the person authorized to make the sale under it, at the time of the sale.

THE CODE, § 1267, provides that where a sheriff has made a sale of real or personal property while in office, and goes out of office before executing a proper conveyance therefor, he may do so after his term of office expires. And when he

12

is dead or removes from the state without executing the conveyance, his successor in office may do so.

The recitals in a deed made by a successor in the office of sheriff, are held not to be evidence of the levy, sale, execution and judgment, because he is not under oath, and he professes to state only his opinion from information derived from other sources than, his own, knowledge. It is only hearsay. It differs from the return of a sheriff upon a writ, because that is upon the personal knowledge of the officer and is in the performance of a duty which he has sworn to perform. *Edwards* v. *Tipton,* 77 N. C., 222; *McPherson* v. *Hussey,* 2 Dev. Eq., 323.

The recitals in a deed made by an ex-sheriff are certainly entitled to more consideration than those in a deed made by a successor. They are not obnoxious to the objection of being hearsay, for they are made by one who has full personal knowledge of what he states. And when they correspond with his *return* of the execution, which is made at a time when he is in possession of the office and acting under the sanction of an oath, the obligation of which continues *pro hac vice,* we can see no reason why they may not be received in evidence, especially in a case like this, where the execution has been lost and recourse is had, from the necessity of the case, to secondary evidence; and to that end, the plaintiff introduced the minute and execution docket, and the sheriff's "return" of the execution, as set out in the statement of the facts.

The return of ex-sheriff Austin would not have been found on the execution docket unless it had been his return on the execution. The execution and *return* upon it, when returned to court, became records of the court; and the *return* duly made by a sworn officer upon process, in relation to facts which it is his duty to state in it, as to those facts, is conclusive as between parties and privies, but only *prima facie* evidence as to all other

persons. Freeman on Executions, 365. But in this state, such " return " being of the acts and doings of a ministerial officer, although required to be returned into a court of record, are only *prima facie* to be taken as true and are not conclusive. *Patterson* v. *Britt,* 11 Ired., 383 ; *Smith* v. *Lowe,* 5 Ired., 197.

The return then is *prima facie* evidence of what it states; and taking all the evidence together, offered by the plaintiff, we are of the opinion it was sufficient to supply the lost record, and establish the fact that there was a writ of *venditioni exponas* issued to the sheriff in the case of H. M. Houston against Calvin S. Austin, and that he sold the land in controversy, and that C. B. Curlee became the purchaser.

This would put the title in the plaintiff if Bryan Austin had title. The defendant says he had no title; and the plaintiff replies, it makes no difference whether he had or not, the defendant claims under him as well as the plaintiff, and is estopped to deny his title; and to establish that position he relied on the deed of J. Marshall, administrator of Tempy Austin, to the defendant, conveying to him the land in controversy as the property of Tempy Austin : and to show that she claimed under Bryan, he referred to the will of Bryan and John W. Austin. By the will of the latter, she took a life estate, remainder to Calvin Austin; and John claimed under the will of Bryan.

It is true that when Marshall undertook to sell the land as the property of his intestate Tempy, his deed in fact passed nothing, for she had only a life estate, and was dead.

But the defendant received a deed from Marshall as her administrator purporting to sell the land as hers, and by doing so, he is estopped to deny that Tempy, and Bryan under whom she claimed, had title to the land. *Ives* v. *Sawyer,* 4 Dev. & Bat., 51 ; *Vason* v. *Allen,* 6 Greenl., 243 ; *Kimball* v. *Kimball,* 2 Greenl., 226 ; *Smith* v. *Ingold,* 13 Maine, 284 ; *Thomas* v. *Kelly,* 1 Jones, 375.

There is no force in the exception taken by the defendant to the court's admitting the evidence in regard to the declarations of the defendant. They are always competent when relevant.

His Honor could not have given the first instruction asked for, as there was no evidence offered by the defendant, and there could have been no preponderance of evidence in the case.

The second instruction asked has already been considered. If both parties claim under Bryan Austin, it could make no difference whether Bryan had title or not.

The third instruction has been considered and disposed of by what we have had to say in regard to the estoppel upon the defendant, by reason of his receiving a deed from the administrator of Tempy Austin.

The fourth instruction asked could not have been given upon the facts as developed in the case.

The fifth was properly refused. THE CODE, § 2174, requiring certified copies of wills to be recorded in the office of the superior court clerk in the county where the land lies, refers only to wills proved after the first of November, 1883. The statute is prospective. There is nothing in it that tends to show it is retroactive. We cannot believe the legislature intended that old wills made eighty or a hundred years ago, devising lands in different counties, should be recorded in the county where the lands lie.

There is no error. The judgment of the superior court is affirmed.

No error.                              Affirmed.