JOHN WILSON v. EDWARD TAYLOR and others.

*Action to Recover Land—Execution Sale—Homestead—Issues—*
*Recitals in Sheriff's Deed—Variance.*

1. On the trial of actions, the testimony offered by the parties and the instructions of the Court to the jury, should be confined to the issues raised by the pleadings.

2. In an action to recover land, if the defendant desires to claim a homestead therein, he should assert his right by proper averment in the answer.

3. The recitals in a sheriff's deed, of the execution, levy and sale are *prima facie* evidence of those facts.

4. As against the defendant in the execution, no judgment need be shown.

5. Where the sheriff's deed recited a judgment in favor of N against T, and the judgment docket showed a judgment in favor of N, *guardian*, against T, the variance is not material.

(*Hinson* v. *Adrian*, 92 N. C., 121; *Rutherford* v. *Raburn*, 10 Ired., 144; *Hardin* v. *Cheek*, 3 Jones, 135; *Miller* v. *Miller*, 89 N. C., 402, and *Green* v. *Cole*, 13 Ired., 425, cited and approved.)

CIVIL ACTION, tried before *Avery, Judge*, at Spring Term, 1887, of the Superior Court of HERTFORD.

The action was originally commenced against Edward Taylor, who died before it was determined, and the present defendants (his widow and heirs-at-law) were made parties, against whom an amended complaint was filed, in which it is alleged, in substance, that the plaintiff is the

owner and entitled to the possession of the land mentioned in the complaint, by virtue of a sale and deed made by the sheriff of Hertford county in September, 1869, under an execution in favor of one Seth Nowell against Edward Taylor; that just before the sale of said land Taylor came to him, informed him that the land was about to be sold, and requested him to buy it; that he purchased the land upon the representation and at the earnest request of Taylor, and discharged the execution by paying the amount to the sheriff; that it was agreed with Taylor that the latter should "buy the place back at the same sum and interest," and that the plaintiff would convey to him upon the payment of the same, and in the mean time Taylor occupied the land as tenant of plaintiff till just before the bringing of this action, and that the defendants are now in possession.

The defendants admit that they are the heirs-at-law of Taylor, and are in possession, but deny all the other allegations of the complaint.

Issues were submitted, which, with the answers thereto, were as follows:

1. Did plaintiff buy the land in controversy at execution sale at request of Edward Taylor, ancestor of defendants, and for the benefit of said Taylor? Answer, Yes.

2. What was the date of payment and amount actually paid by plaintiff for said Taylor to the sheriff? Answer, October 18, 1869—$166.

3. What is the annual rental value of the land? Answer, $40.

Judgment was rendered for the plaintiff, giving him a lien on the land, and subjecting the same to the payment of the debt due the plaintiff, and the defendant appealed.

The deed from the sheriff to the plaintiff, dated September 23d, 1869, and which recited an execution in favor of Seth Nowell *v.* Edward Taylor, was read in evidence.

The clerk of the Court testified: "I have searched. in my office for the execution recited in the deed, in the file where executions are kept, and find no execution in Seth Nowell *v.* Taylor. He produced the judgment docket, from which it appeared that there was a judgment entered in favor of Seth Nowell, guardian, *v.* Edward Taylor and others, for $93.80, with interest from January 3d, 1866, till paid; it further appeared from entry on said docket that a *venditioni exponas* issued November 21, 1868, on said judgment, and was returned "stayed," by an order of the Convention. When the same judgment was brought forward, it appeared that execution was issued on it November 3d, 1869, and returned with indorsement: "Satisfied and paid into the clerk's office $11. Signed Isaac Pipkin, sheriff, by Hillory Taylor, Dep., and endorsed as follows: "Received of Hillory Taylor, $133.84, in full of this judgment, May 6th, 1872." (Signed Seth Nowell, guardian.)

The clerk further testified: "I have found no judgment on the docket in favor of Seth Nowell *v.* Edward Taylor and others; I have examined the judgment docket from 1868 to 1872, and find no judgment taken in favor of Seth Nowell, individually, against Edward Taylor; I do not find the names except in this judgment of Seth Nowell, guardian against Edward Taylor and others."

MR. SHARPE, examined for plaintiff, testified: "I knew Edward Taylor and had a conversation with him about the sale of this land; I was collecting the tax and noticed that this land was listed as the property of John Wilson; I asked Taylor why he was paying the tax on the.land, and Taylor said he had got Wilson to buy the land for him; he said that he, Taylor, owed Seth Nowell and could not pay him, and he got Wilson to buy the land for him; the land was listed in Wilson's name then; Taylor did not say when and where Wilson bought the land; this was after the date of the deed."

JOHN WILSON, the plaintiff, recalled and testified: "The

land was sold by deputy sheriff Hillory Taylor, acting for sheriff Pipkin; it was sold by him on the ____ day of September, 1869, and knocked off to me; I paid $166 and some cents, the amount of a debt held by the sheriff against Taylor and the costs to said deputy sheriff then; I was not present at the sale, but got another to bid off the land for me; he bid four hundred dollars; I did not pay the residue of the purchase money, because I could not get possession; I was willing to pay that and take possession, or to take what I paid and give up all claim to it; the land is worth about $500.

The defendants requested the Court to charge the jury:

1. That if they believe the whole evidence in the case the plaintiff is not entitled to recover.

2. That the defendants are not estopped from claiming the land in question, unless Edward Taylor, the former defendant, procured the plaintiff to buy the same with intent to defraud the plaintiff.

3. That the sale of the sheriff was void.

4. That if the defendant's ancestor, Edward Taylor, requested the plaintiff to buy the land, that will not entitle the plaintiff to recover, unless he was ignorant of the want of authority on the part of the sheriff to sell the land, and that the said Edward Taylor fraudulently represented to plaintiff that the sheriff had authority to sell, and the plaintiff relied on said false representation.

The Court refused the instructions, holding that they did not bear upon the issues or tend to aid the jury in arriving at a conclusion; but, if material at all, raised questions that could be considered by the Court as well after as before the verdict should be rendered.

The Court called the attention of the jury to the evidence relating to the issues submitted. No exception was taken to the charge given. The defendants excepted to the refusal of the Court to give the instructions asked.

After verdict the defendants moved for judgment on the ground:

1. That the plaintiff, claiming land by virtue of a sale, must show affirmatively that the homestead of the debtor in execution was regularly laid off; that this was true in all cases.

2. That it must certainly be shown, unless there is something in the judgment or execution, showing that the judgment was rendered on a debt contracted prior to 1868, and the date of the contract does not appear in this case.

*Mr. John Gatling*, for the plaintiff.

*Messrs. D. A. Barnes* and *B. B. Winbourne*, for the defendants.

DAVIS, J., (after stating the facts). No issue in regard to the homestead was raised by the pleadings, and there was no question in relation thereto, as appears from the record, till after the verdict. The issues are raised by the pleadings, and whether by any act, however fraudulent and misleading, the owner can be estopped from claiming a homestead, except by deed with the consent of the wife, evidenced by her privy examination, as prescribed by Art. X, §8, of the Constitution, it is not necessary for us now to consider, and if it were, Edward Taylor, as appears from the evidence and verdict of the jury, having invoked the kindness and friendship of the plaintiff, and procured the purchase of the land for his own benefit, and for which, at his solicitation, the plaintiff had paid the claim of the defendants, does not present a very meritorious consideration. *Hinson* v. *Adrian*, 92 N. C., 121.

In all the cases cited by counsel for the defendants, the claim to the homestead was presented by the pleadings.

The instructions asked for were properly refused. " They

did not bear upon the issues or tend to aid the jury in arriving at a conclusion."

The deed from the sheriff to the plaintiff contains a recital of the execution, levy and sale, and being the act of a public officer in discharge of his official duties, reciting how and by what authority he had made the conveyance, was *prima facie* evidence of the facts recited. *Rutherford* v. *Raburn*, 10 Ired., 144; *Hardin* v. *Cheek*, 3 Jones, 135; *Miller* v. *Miller*, 89 N. C., 402.

In the first cited case Chief Justice Ruffin said: " In effect, no judgment need be shown in a suit between the defendant in the execution, or one bound by its *teste*, and the officer or purchaser; at all events, if the latter be not the plaintiff in the execution." "Undoubtedly," says the Chief Justice, "the Court would, at the instance of the defendant, set aside the execution if there were no judgment." And so, if the execution and return did not conform to the judgment, and any prejudice to the defendant resulted therefrom, the Court would undoubtedly set it aside. In the case before us there was a judgment shown, but it did not exactly correspond with that recited in the deed, and there was also a conflict in the dates, but this variance was not fatal. *Green* v. *Cole*, 13 Ired., 425.

In *Rutherford* v. *Raburn*, *Hardin* v. *Cheek*, and *Green* v. *Cole*, a broad and liberal construction has been placed upon the Act of 1848, to be found in §1347 of *The Code*.

The judgment declares that the plaintiff is entitled to a lien upon the land for the payment of the purchase money paid by him for Taylor, with the interest thereon, and that said lien be discharged upon the payment of the same by the defendants, or any one of them, by the 1st day of January, 1888, and if not paid by that day, then the land is to be sold upon the terms and by the commissioners named in the judgment, and the proceeds applied, first, to the satisfaction of the judgment, and the surplus to the defendants.

The judgment must be modified so as to allow the defendants a reasonable time to pay, and thus modified is affirmed.

No error.                                        Affirmed.