## WAINWRIGHT v. BOBBITT.

(November 27, 1900.)

*Evidence—Deed—Sheriff's   Deed—Execution—Sale—Issu-
    ance—Proof.*

> The recital of execution and sale in a Sheriff's deed is *prima
> facie* evidence thereof.

CIVIL ACTION by M. H. Wainwright against Randall Bob-
bitt, Ann Harris, Mallie Q. Bobbitt, Ben. Bobbitt, and Sam.
Bobbitt, the last two infants, by their guardian, F. S. Spruill,
.and B. B. Massenburg, attorney, etc., for Mrs. Rachel Jud-
kins, heirs at law, heard by Judge *E. W. Timberlake* and a
jury, at April Term, 1900, of FRANKLIN Superior Court.
From judgment for plaintiff, the defendants appealed.

*W. M. Person* and *W. H. Yarborough, Jr.,* for plaintiff.
    *Spruill & Ruffin,* and *B. B. Massenburg,* for the defend-
.ants.

DEFENDANT BOBBITT'S APPEAL.

MONTGOMERY, J.    This is an action for the recovery of
the possession of land.    The plaintiff claimed, through a
sale under an execution, and the sheriff's deed made in pur-
suance thereof, of date 10th of April, 1870, and registered on
the 31st day of December, 1885—the last day of grace, under
chapter 147, of the Laws of 1885.    She (the plaintiff) had
had possession from the date of the sheriff's deed, until
about 1885, since which time the defendants have been in
possession.    The defendants do not set up any claim to the
land.    They have no paper title, and do not claim under
possession and color of title; and they have not been in pos-
session long enough to confer title by presumption of grant.

The sheriff's deed was introduced in evidence by the plaintiff, and the recital therein of the execution, under which the sale was made, was the only evidence tending to show that such an execution had ever had existence, if we may except the judgment docket, from which it appeared that numerous executions had been issued thereon in the case. The judgment docket, however, made no reference whatever to the execution recited in the sheriff's deed. If any execution ever issued, like that recited in the sheriff's deed, it does not appear in the Clerk's office from the judgment or execution docket; for the Clerk, in his examination, testified that no such execution could be found in his office, for ten years each way, in all files where they would likely be—files marked "Fi. Fas.," or "Executions," from 1870. After unsuccessful motions to dismiss the action, under chapter 109, Acts 1897, and chapter 131, Acts 1899, his Honor instructed the jury, if they believed the evidence, to answer the issues in the affirmative. The issues were: (1) Is the plaintiff the owner and entitled to the possession of the land described in the complaint? (2) Do the defendants wrongfully withhold the possession thereof from the plaintiff?

The contention of the plaintiff is that the recital in the sheriff's deed of the execution is substantive evidence—*prima facie,* to be sure, in the sense that it is not conclusive as an official act, but yet primary in its character—and alone sufficient, to prove the existence of the execution, unless rebutted by other evidence of the defendant. The defendant insists that the plaintiff in this action, who was not the plaintiff in the execution, should have shown the execution itself, and the sheriff's return thereon, as the best evidence that the execution had been issued, and was in his hands at the time of the sale; or that, if the execution was lost, then, upon proof of that fact, the recital in the sheriff's deed could

have been introduced as *prima facie* evidence, but of a
secondary nature, and admissible only because of the inability of the party offering it to procure the best evidence. It
was incumbent on the plaintiff to show that an execution had
been issued, that the same had been levied on the land, and
that the land had been sold under the execution.

The main question in the case then is, is the recital in the
sheriff's deed alone—without any other testimony—sufficient
evidence to prove (the defendant having introduced no evidence) the existence of the execution? Or, to put it in
another way, should the plaintiff have been required to show
the execution itself, and the return of the sheriff on it, as the
best evidence, or, in the event of its having been lost, to have
proved the loss, and then to have introduced secondary evidence, such as the sheriff's recital in the deed, or the testimony of the sheriff, or other collateral evidence that the execution had been issued? In *Hamilton v. Adams,* 6 N. C.,
161, it was decided that a purchaser of land at execution
sale had to show both a judgment and an execution. The
English rule, at the time when that decision was rendered,
was that execution only was necessary to be shown where the
purchaser was a stranger to the action. In *Rutherford v.
Raburn,* 32 N. C., 144, it was said that the inconveniences
attending the following out the principle of *Hamilton v.
Adams* were so numerous and mischievous as to call for legislative action, and that in 1848 a bill was enacted into a
law, entitled "An Act to secure the title of purchasers of
land sold under execution;" and the Court in *Rutherford v.
Raburn, supra,* in its construction of that Act of Assembly,
restored the rule of the common law, as it was understood
to have prevailed here before the decision in *Hamilton v.
Adams.*

But to return to the main discussion: The plaintiff's

counsel cited numerous authorities to the effect that a recital in a sheriff's deed that he had the execution at the time of sale was *prima facie* evidence of that fact, and we have found other authorities from our court to the same effect, but in each and all of those cases the execution was either proved by other evidence than the recitals in the sheriff's deed, or it was shown that the execution had been issued and was lost. The first case in our Reports which we have been able to find, in which the question as to whether the recitals in a sheriff's deed of the execution, levy, and sale were evidence of these facts, was the case of *Owen v. Barksdale,* 30 N. C., 81, and the decision seems to be in the negative. But, later, in the case of *Hardin v. Cheek,* 48 N. C., 135, that ruling was insisted on by the plaintiff in the last-named action, but the Court held that the recitals were *prima facie* evidence of those facts. The Court said in that case: "It was insisted that the recital in a sheriff's deed was no part of the deed, and was therefore no evidence of the fact recited. This objection was founded, we presume, on what fell from the Court in the case of *Owen v. Barksdale,* 30 N. C., 81, in which the Court says that a sheriff's deed is not evidence of the fact. If the Court intended to convey the idea that a ·recital in a sheriff's deed is not any evidence of the facts set forth in it, we do not concur in the opinion, but deem it an error. We hold that the recital in the deed was *prima facie* evidence of the facts set forth, it being the act of a public officer in discharging his official duties, reciting how and by what authority he made the conveyance, nevertheless open to proof that the fact did not exist." In that case, the sheriff's deed was introduced to show the levy and the sale, there being no sufficient execution set forth in the sheriff's deed, the plaintiff's name being wanting. There a proper execution had been issued, and was shown to have been in the

hands of the sheriff at the time of the sale by the records of the Superior Court. In *Rollins v. Henry,* 78 N. C., 342, it was said: "The plaintiffs produced in evidence a *fi. fa.,* issued to the sheriff of Buncombe, on the 7th of February, 1870, and levied on the *locus in quo* on the 30th of May, 1870. They then offered to prove by the Clerk of the Court that on the 14th of March, 1871, he issued a *venditioni exponas* on this judgment, which was never returned, and after diligent search could not be found in his office. This evidence was objected to, but admitted, as we think, properly." Then, in that case, the plaintiffs put in evidence the sheriff's deed as to the sale of the land, but did not offer the recital as evidence of the execution. Judge *Rodman,* who delivered the opinion of the Court, in that case, after remarking upon the difficulty of obtaining clear and definite decisions on the point, says for the Court: "The rule which seems to be established, and which is supported by reason, appears to be this: The return to an execution is ordinarily the best evidence of a levy and sale under it. But when the execution has not been returned to the Clerk's office, and it, with any return on it, has been destroyed, or lost, and it is proved otherwise than from the recital that there was a judgment and execution, the recital in the sheriff's deed is *prima facie* evidence of the levy and sale; they being official acts of the sheriff," etc. In *Miller v. Miller,* 89 N. C., 402, one of the objections raised was that there was no sufficient evidence of a sale of the land by the sheriff. The judgment and the execution both were in evidence, and the recitals in the sheriff's deed were admitted as *prima facie* evidence of a sale. In *McKee v. Lineberger,* 87 N. C., 181, the plaintiff offered in evidence a deed from a sheriff, reciting the judgment. It was received by the Court, over the objection of the defendant, upon the understanding that the plaintiff

would show an execution, which was done.    In *Curlee v. Smith,* 91 N. C., 172, the sheriff's deed containing recitals of the judgment, executions, and sale was admitted, but the Clerk of the Court also testified that he had made diligent search for the judgment and execution recited in the deed, but that he could not find them.    And he also testified that "he found a statement of the judgment and *ven. ex.* on the execution docket of UNION County Court, April Term, 1863," which was offered in evidence, and was as follows: "H. M. Houston against Calvin S. Austin.    Judgment, $4.26, and interest from the 7th of April, 1862, and costs." "I advertised the within land according to law, and sold the same at the court-house, in Monroe, on the 7th April, 1863, at which time and place C. B. Curlee became the last and highest bidder, in the sum of twenty-five dollars, which is applied as follows: My fees and commissions, two dollars and twelve cents, retained.    (Signed) C. Austin, Sheriff." The minute docket of the County Court was also offered in evidence, which contained the entry: "H. M. Houston vs. Calvin S. Austin.    Attachment levied on land, and order of sale."    In that case, the Court said: "It is incumbent on every one who purchases land at a sheriff's sale, and claims title thereto through a deed of the sheriff, to show, if he be the plaintiff in the judgment and execution, a judgment, execution, and sale; but, if he be a stranger to the judgment, then he need not show a sale and execution in the hands of the sheriff, authorizing him to sell, issued from a court of competent jurisdiction.    *Rutherford v. Raburn,* 32 N. C., 144.    And the recitals in the sheriff's deed are *prima facie* evidence of the sale and the execution, because, as said by Chief Justice NASH, in *Hardin v. Cheek,* 48 N. C., 135, 'It is the act of a public officer in discharging his official duties, reciting how and by what authority he had made the convey-

ance, nevertheless open to proof that the fact did not exist.' To the same effect is the more recent case of *Rollins v. Henry*, 78 N. C., 342." But the Court in the same case also said: "The return there is *prima facie* evidence of what it states, and, taking all the evidence together offered by the plaintiff, we are of the opinion it was sufficient to supply the lost record, and establish the fact that there was a writ of *venditioni exponas* issued to the sheriff in the case of H. M. Houston against Calvin S. Austin, and that he sold the land in controversy, and that C. B. Curlee became the purchaser." In *Wilson v. Taylor*, 98 N. C., 275, the Court reiterated the doctrine that the recitals in a sheriff's deed were *prima facie* evidence of the facts recited, but there was in that case proof of the existence of the execution, and that it had been issued, and was lost.

The brief of Mr. Spruill, for the defendants, was well considered and interesting, and an examination of the authorities cited by him has resulted in the conclusion on our part that, under the earlier decisions of this Court, the recital in a sheriff's deed under which he sold real estate could be used only as secondary evidence, in cases where the original return and execution itself could not be procured, and after proof of its having been issued had been made. That rule, however, has been modified by more recent decisions, until it seems to be the settled doctrine of this Court that the recitals in a sheriff's deed are *prima facie* evidence of the facts therein stated, and will be sufficient evidence upon which the plaintiff can recover, unless it is rebutted by proof to the contrary. In the present case the sheriff's deed was color of title, and the plaintiff had been in possession through her agent for more than seven years, and title had been shown to have been out of the State. But on the trial the deed was not introduced as color of title, but as a regular

paper title, and we have had to consider the case in the aspect presented by the record.

No error.

### DEFENDANT MASSENBURG'S APPEAL.

The defendant in this action (in the form and manner as they are represented by the defendant Massenburg) claim the land described in the complaint, through the will of Jeremiah Ingram, and by a deed from Joseph J. Ingram, a son of Jeremiah, to the defendant's grantee. The testator in the will devised the land to his widow, Nancy, and his children, Samuel, Joseph, Joshua, and Pressly, jointly between them (they thereby becoming tenants in common), and the will was proved in due form in the county of Franklin, in the year 1826, and the deed from Joseph was dated the 9th of December, 1844. Neither Joseph, nor any of those who claim under him, has ever been in possession of the land, and as the plaintiff has shown title out of the State, and the sheriff's deed for the same, she is entitled to possession of the land.

No error.

FURCHES, J., (concurring). I concur in the opinion of the Court, that the judgment should be affirmed for the reasons stated in this opinion. I do not think it necessary to determine whether the statements in the deed were primary or secondary evidence, or whether they proved the issuance of an execution, or only created a presumption of the issuance of an execution. It would have been necessary to determine these questions if it had been necessary for the plaintiff to rely upon the sheriff's deed as title to the land, unaided by possession. But this was not the case. The plaintiff became the purchaser of this land in 1870, took the sheriff's deed therefor, went into possession at once, and

held possession thereunder until 1885, a period of fifteen years. This deed was, at least, color of title, and the plaintiff's possession ripened, and it became a perfect title in seven years, although it may have been defective when it was made, for want of an execution authorizing the sale, or for any other defect in the proceedings under which it was sold. And when the plaintiff had once acquired a good legal title by reason of her colorable title and her adverse possession, it could only be destroyed by the defendants' afterwards holding adverse possession for seven years under color of title, or twenty years without color of title. *Christenbury v. King,* 85 N. C., 229. And it was not necessary that the plaintiff should have commenced her action at once, upon defendants' taking possession. *Id.* the defendants did not offer to show that they had any color of title, or that they had been in possession long enough to acquire title by possession. In fact, they offered no evidence of any kind. It was therefore the duty of the Court to charge the jury that if they found, from the evidence, that the plaintiff had been in possession of the land in controversy, holding it, under the sheriff's deed, for more than seven years, they should find that the plaintiff was the owner of the land. The judgment should be affirmed.

DOUGLAS, J., concurs in the concurring opinion.