6708

## BROMONIA CO. v. GREENWOOD DRUG CO.

1. EVIDENCE—IMMATERIAL—PLEADINGS.—Court is *not bound* to receive evidence tending to support irrelevant or immaterial allegations allowed to remain in a complaint.

2. IBID.—IBID.—Where the consideration of a contract in part was advertising by one party between two limits and the advertising was done up to the minimum limit, evidence that it was not made up to the maximum limit is immaterial.

3. FRAUD—PLEADINGS.—An allegation of fraud which does not charge knowledge on the part of the party charged with perpetrating the fraud and injury therefrom to complainant is not sufficient to require admission of evidence in support thereof.
   *Hickson* v. *Early*, 62 S. C., 42, *distinguished from this case.*

Before ALDRICH, J., Greenwood, November term, 1906. Affirmed.

Action by Bromonia Co. against Greenwood Drug Co. From judgment for plaintiff, defendant appeals.

*Messrs. Nicholson Bros.* for appellant, cite: *Evidence may be admitted to support irrelevant allegations:* 61 S. C., 330; 60 S. C., 381; 49 S. C., 456. *Evidence does not vary the contract:* 48 S. C., 430. *Paper procured by fraud may be contradicted:* 20 S. C., 518; 38 S. C., 210; 61 S. C., 82; 2 Hill. 657; 1 McC., 470; 35 Md., 439; 134 Mass., 56; 8 Ency. P. & P., 799, 907. *The false representations are sufficient to constitute a defense:* 26 S. C., 275; 50 S. C., 399; 62 S. C., 42; 1 Strob., 223. *Written contract obtained by fraud may be varied by parol:* 2 Stark. on Ev., 543; 1 Green., 381, 4 Wigmore on Ev., 37-39; 71 S. C., 150; *Zimmerman* v. *Tel. Co.,* 71 S. C.; *Allegations of fraud sufficient:* 9 Ency., 692; Chitty. Plead., 564; 1 Wend., 443; 17 Abb. Pr., 405; 9 Ency. P. & P., 690. *Inadmissible evidence may be rebutted by same kind:* 50 S. C., 293; Wigmore on Ed., 44; 2 Abbott's Rep., 789; 92 Ala., 287; 55 Pa., 77; 72 Me., 531: 9

Ala., 67; 41 S. C., 1; 3 Ency. of Ev., 183; 19 La., 516; 23 L. R. A., 768. *Failure to allege facts constituting fraud should be noticed by demurrer or motion:* 9 Ency. P. & P., 697; 31 Ia., 513.

*Messrs. Giles & Ouzts,* contra, cite: *Allegations of answer do not raise legal issue of fraud:* 58 S. C., 56; 2 Strob. Eq., 250; 9 Ency. P. & P., 686, 688. *Puffing wares is not fraud:* 35 L. R. A., 417; 15 S. E. R., 675; 9 Ency. P. & P., 696. *Trial Judge is not bound to receive evidence in support of irrelevant allegations:* 70 S. C., 8. *Appellant cannot retain benefit of contract and seek to rescind it:* 56 S. C., 508; 43 Am. Dec., 658; 21 L. R. A., 135; 2 Brev., 304.

November 27, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. The complaint in this case alleged two causes of action: first, for $140, the purchase price of a lot of Bromonia, a drug product of plaintiff company, sold and delivered to defendant; second, for $57.50, as damages resulting for expenditures in advertising, both causes of action being based upon a written contract between the parties, set out in the complaint. Plaintiff recovered judgment for full amount claimed. The defendant appeals solely upon exceptions to the rulings of the Court in excluding certain testimony.

The facts alleged in the complaint and admitted in the answer are as follows: On the 15th day of January, 1906, the defendant executed and delivered to plaintiff an order for "20 doz. 50 cents size, $80.00; 30 doz. 25 cents size Bromonia, $60.00," under a contract containing a stipulation that plaintiff should advertise the said medicines in a Greenwood newspaper to the extent of from 10,000 to 20,000 agate lines during the fourteen months following delivery of goods. A contract for advertising 10,000 agate lines was made with the Greenwood Index and the sum of

$57.50 paid therefor by plaintiff, and the Index had entered upon the publication of the same. The goods were delivered to defendant and the defendant upon demand refused payment.

The defendant, in addition to denying that plaintiff had performed all the conditions of its contract, set up the following defense:

"Fourth. That in reference to the allegations of paragraph three of the complaint, the defendant admits the execution and delivery of the contract and order mentioned therein, but in reference thereto this defendant alleges that the said contract and order were obtained from the defendant by the false and fraudulent representations of an agent of the plaintiff, made at the time of the execution and delivery of the said order and contract and for the purpose of obtaining the same; and this defendant further alleges that had it not been for the said false and fraudulent representations of the said agent of the plaintiff the defendant would not have given the said order and contract; that the said agent of the plaintiff represented to the defendant that the plaintiff had contracted for the expending of a much larger sum in advertising the goods and wares mentioned in the aforesaid order and contract than the amount actually contracted for; that the said agent of the plaintiff represented to the defendant that other parties in surrounding territory had been highly pleased with orders and contracts similar to the order and contract obtained from the defendant, and that there had been a great demand on the parties aforesaid for the goods of the plaintiff; that the agent of the plaintiff made other material representations to the defendant as to the merits of Bromonia; that all of the aforesaid representations of the agent of the plaintiff were false and fraudulent, and were made for the purpose of obtaining the aforesaid order and contract."

For the purpose of proving this defense, witness A. A. Coleman, proprietor of defendant company, was asked the following questions, which, upon plaintiff's objection, were

ruled incompetent: "1. State whether or not the agent of the plaintiff made certain representations to you as to having contracted to expend a certain sum in advertising the goods of the plaintiff.   2. State whether or not you relied on these representations in making the contract.   3. State whether or not the agent of the plaintiff in making this contract made certain representations to you about parties in surrounding territory being pleased with the goods and having a great demand for them.   4. State whether or not agent of the plaintiff made certain representations to you as to the merits of Bromonia.   5. State whether or not you relied upon these representations of the agent of the plaintiff in making your contract.   6. State whether or not if these representations had not been made you would have entered into this contract."

The grounds of objection and the grounds upon which the Court ruled them incompetent do not appear in the case.

Appellant contends that the questions were responsive to the allegations in the answer, the demurrer to which was overruled, and that under the cases of *Ragsdale* v. *Railway,* 60 S. C., 381, 38 S. E., 609, and *Dent* v. *Railway,* 61 S. C., 335, 39 S. E., 527, the testimony should have been admitted; but the later case of *Martin* v. *Railway,* 70 S. C., 11, 48 S. E., 616, shows that this rule applied when the appellant is the party who might have had the irrelevant or immaterial matter stricken out of the pleadings.   In the last mentioned case it is declared that the Circuit Court has power to exclude testimony tending to support irrelevant or immaterial allegations allowed to remain in the complaint or answer, and that it is not bound to receive such evidence.

It is sought to be shown that the first two questions were in response to the allegations that "the agent of the plaintiff represented to the defendant that the plaintiff had contracted to expend a much larger sum in advertising the goods and wares, mentioned in the said order and contract, than the amount actually called for."   Plaintiff contracted with defendant to advertise to the extent of from

10,000 to 20,000 agate lines in a Greenwood newspaper, and it being admitted that 10,000 lines had been paid for by the plaintiff, which was within the range of the contract for advertising made by the parties, the allegation that plaintiff had represented it would expend a much larger sum than it did actually expend is immaterial, and the exclusion of evidence tending to support such allegation was proper under *Martin* v. *Railway, supra.*

It is further contended that the answer alleged fraud, and that under general allegations of fraud all testimony necessary to support it is admissible. As a general proposition this is true, but *actionable* fraud must be alleged which includes the *scienter* on the part of the party sought to be charged (*Gem Chemical Co.* v. *Youngblood,* 58 S. C., 59, 37 S. E., 226; *Poag* v. *Charlotte Oil Co.,* 61 S. C., 190, 39 S. E., 345) as well as resulting damage or injury to the complainant. *Ruberg* v. *Brown,* 50 S. C., 399, 27 S. E., 873. A careful reading of the allegations as to fraud set out in the fourth paragraph of the answer shows that it is defective in these essential particulars. Hence testimony as to fraud was properly excluded, and if the demurrer which was overruled by the Circuit Court had been limited to the defense of fraud alone, it should, and doubtless would, have been sustained. This is not inconsistent with the case of *Hickson* v. *Early,* 62 S. C., 42, 39 S. E., 782, for in that case the *scienter* was distinctly alleged in the defense and the question whether there was injury or resulting damage charged was not involved, as the Circuit Court was not called on to consider that question.

The judgment of the Circuit Court is affirmed.