Ruffin, C. J.
 

 The position, that the property of the plaintiff, m an action of detinue, in the thing sued for, is transferred to the defendant in the action, by a verdict and judgment for the defendant upon
 
 non-detinel
 
 pleaded, is founded upon a total misconception. If the judgment be for the plaintiff, and the defendant pay and the plaintiff receive the assessed value, that works a transfer of the property.
 
 Vines
 
 v Brownrigg, 1 Dev. & Bat. 239. The maxim is,
 
 saludo predi empdonis loco habetur.
 

 Our opinion likewise is, that the judgment in the suit brought by the present
 
 feme
 
 plaintiff against William Martin and Samuel Johnson, which is pleaded in this action by way of estoppel, is not a bar to the recovery by the plaintiffs. A judgment is only conclusive when it is directly on the point in one suit, which comes in question in another suit. It is not even evidence of matter to be inferred only by argument from it. This doctrine, which was thus delivered by Chief Justice De Grey in the
 
 Dutchess of Kingston's
 
 case, this court had occasion to consider a few years past in
 
 Bennett
 
 v
 
 Holmes,
 
 1 Dev. & Bat. 436, and upon it we felt it our duty to hold that a verdict and judgment, upon not guilty pleaded, in trespass
 
 quare clausum
 
 fregit, was not
 
 *294
 
 competent evidence of title in another action of trespass between the same parties or their privies. The same reason would seem to hold here; for the plea of
 
 non detinet
 
 is fully as broaci and as far from, drawing the controversy to the single point of title, as
 
 not guilty
 
 in trespass. The only difference is, that in the latter action, there is an established special plea,
 
 liberum tenenienium,
 
 which does precisely put the title in issue, and on which it is, therefore, necessarily determined; while in detinue there is no such plea. That the verdict was given for the defendants in the former action, might have been, as stated in his Honor’s reasoning, because the plaintiff had no title,
 
 or
 
 because the defendants did not detain. Indeed an action of detinue against two cannot be maintained except upon a joint detainer, as we have had occasion to say at the present term in the case of
 
 Slade
 
 v
 
 Washbourne
 
 &
 
 Washbourne.
 
 It is apparent therefore, that it is a matter of inference only from the former judgment, that the plaintiff in that action had no title to the slaves sued for therein; and, indeed, that it is a matter of remote inference only. So, we are clearly of opinion that the judgment
 
 per se
 
 is not an estoppel to the plaintiffs in the present suit.
 

 It is an opinion expressed, both judicially and in elementary works, that, to render a record evidence, it must appear from the record itself, that the fact now in issue was directly in issue in the former suit and decided. If that opinion be correct, it is decisive against the estoppel in this case, for the reasons already given. But there are other authorities, and particularly those cited at the bar from a sister State.
 
 Wood
 
 v
 
 Jackson,
 
 3 Wend. 27;
 
 the same case in error,
 
 8 Wend. 9.
 
 Lawrence
 
 v
 
 Hunt,
 
 10 Wend. 80, that a former judgment may be pleaded with the necessary averments, or given in evidence, and sustained by parol proof, to shew the grounds upon which it proceeded, where such grounds from the form of the issue in the first suit, do not appear from the record itself. Those apposite positions present a question of great importance, which seems not to be settled. We do not propose to go into it; for it is not necessary to the determination of the case under adjudication. For, if the record can be aided by the averments and parol evidence, as held in New
 
 *295
 
 York, we find, according to those cases, that it can only be", when from the form of the issue the record does not and could not shew the grounds upon which the verdict proceeded, and when the grounds alleged are such as might le-gaily have been given in evidence under the issue, and were given in evidence, in such way as to make it appear from the issue and verdict, that those facts and grounds must have been necessarily and directly in question and determined, and that, upon those grounds, and no other, the verdict must have been found. It is distinctly stated, that a verdict will not be an estoppel, merely because the testimony in the first suit was sufficient to establish a particular fact. It must appear, that was the very fact, on which the verdict was given, and no other.
 

 In the case at bar, under averments, in the plea, of the identity of the parties -and subject matter of the two suits, and that the question in the former suit was upon the title of the plaintiff therein to the slaves, under a conveyance from Patty Martin, and that the plaintiffs in this suit claim and seek to recover the same slaves in this action, under, and by force of, the same title, the defendants were allowed to give parol evidence. But upon looking at it, we see at once that it comes not within the doctrine of the cases, under which it was offered. It appears that, on the first trial, Patty Martin deposed, that the deed to the plaintiff was obtained from her by fraudulently reading it as a mortgage, and not as an absolute deed. The deed is for five negroes, and expressed to be made on the consideration of $590; and the plaintiff proved that she had paid $100 thereof, and in lieu of the residue was to support Mrs. Martin during life. It was further given in evidence for the defendants on that trial, that, after the deed to the plaintiff, the defendant, Johnson, lent a sum
 
 ol
 
 money to Mrs. Martin, and to secure it took a mortgage on the negroes, under which he took posssession of them and detained them until the suit was brought; and the other defendant, William Martin, had never set up any title, nor had any possession of the negroes. From that state of facts, it is not easy to say upon what ground the verdict was found; much less does it appear, that it must
 
 *296
 
 have been given on the ground of the defect of title in the piaintiff and on no other. It might have proceeded on the ground, that the plaintiff had not given a full price for the slaves, but that the deed to her was to be treated as voluntary and void as against Johnson,
 
 á
 
 mortgagee from the vendor, continuing in possession of the negroes. If so, and that mortgage has been satisfied, the plaintiff’s title would as being good against the mortgagor, again revive; and, as we hear nothing of that mortgage on this trial, it is probable the debt has been paid and a release executed. The verdict might also have been founded on the fact, that the two defendants did not
 
 jointly
 
 detain, as the plaintiff alleged they did, and as they proved they did not. We cannot, indeed? tell on what the jury went: possibly, upon either or all of those grounds together. It is certain that the evidence does not shew any.more than the record itself did, that the verdict was given necessarily on the very fact, that the deed to the plaintiff had been fraudulently obtained by falsely reading it, or that, for any cause, the plaintiff had no title.
 

 Per CuniAMj ' Judgment affirmed.