T. M. ANDREWS v. G. T. JONES, et al.

(Decided May 3, 1898.)

*Trial—Cross Examination—Unofficial Map.*

It was error in the trial of an action to refuse the defendants permission to cross-examine the plaintiff's witness by an unofficial map, not made ·by an order in the case, which defendant claimed to be a correct diagram of the *locus in quo,* the map not being offered as substantive evidence but for the purpose of illustrating the evidence of the witness by making his meaning clearer or testing his statements.

CIVIL ACTION, tried before *Timberlake, J.*, and a jury at July, 1897, Special Term of BUNCOMBE Superior Court. There was a verdict for the plaintiff and from judgment thereon the defendants appealed.

*Messrs. Tucker & Murphy,* for defendants, (appellants.) No counsel *contra.*

CLARK, J.: The defendant offered to cross examine the plaintiff's witness by a map which the defendant claimed was a diagram of the *locus in quo.* The court declined to permit the defendant's counsel to cross examine the witness about the map for any purpose, but stated that the party making the map could use it to explain his testimony, if desired. In this there was error. The map was not offered as substantive evidence. It was, as the court ruled, competent for a witness to explain his testimony by an unofficial map, not made by an order in the cause. *Dobson* v. *Whisenhant,* 101 N. C., 645; *Burwell* v. *Sneed,* 104, N. C., 118; *Hampton* v. *Railroad,* 120 N. C., 534. And if so, an unofficial map was equally competent for the purpose of illustrating the evidence of the witness on cross examination by making his meaning clearer or testing his statements.

It would certainly be as serviceable to cross examine him by it, as to his different statements, as if it had been introduced by the plaintiff and he had been examined in chief upon it. In neither case would it have been substantive evidence, but only to illustrate his evidence, and a part of it. *Riddle* v. *Germanton*, 117 N. C., 387. In this view, it would be equally competent to so use the map either in chief or on cross examination. This is not the case of a paper sought to be introduced as substantive evidence, as a deed or a letter, which the defendant cannot (if objection is made) prove upon cross examination of plaintiff's witnesses. *Olive* v. *Olive*, 95 N. C., 485. In *State* v. *Whiteacre*, 98 N. C., 753, the Court says: "It is of frequent practice, when necessary to explain evidence and enable the jury to comprehend it fully, to illustrate the position of parties, places, etc., by diagrams, and no notice is required; in fact they are frequently made by witnesses themselves in the progress of the examination." If the unofficial map had been used to illustrate evidence, whether in the direct examination or on cross examination, its only value would be as a part of the testimony of the witnesses examined or cross examined upon it, and as an aid in explaining their testimony. It would have no substantive value of its own, like a survey made by an order in the cause which is presumed to be correct, subject to evidence to the contrary. *Justice* v. *Luther*, 94 N. C., 793.

In refusing to permit the cross examination to be illustrated by examination upon a diagram, which the witness might have stated to be correct or incorrect, and thus have checked off his other evidence and made its value perhaps clearer to the jury, there was

Error.