J. E. PERSON AND WIFE, PEARCY A. PERSON, v. JOSEPH J. ROBERTS AND W. E. HAM.

(Filed 20 March, 1912.)

**1. Deeds and Conveyances—Sheriff's Deed—Recitals—Execution—Evidence.**

In an action for the possession of land, a recital in a sheriff's deed, in the chain of title of a party litigant, that an execution had been issued on a judgment under which the lands were sold, is not *prima facie* evidence that the execution was issued, in the absence of any proof that after due search the execution could not be found.

**2. Same—Official Acts.**

The act of issuing an execution is not that of the sheriff, but of the clerk, and should be proved by the execution itself, or in its absence, if lost, by entries on the record, and if it cannot be so proved and the search for it has been made without avail, the recitation in the sheriff's deed becomes *prima facie* evidence that execution had been issued.

**3. Appeal and Error—Agreements—Sheriff's Deed—Recitals—Execution—Evidence.**

In his action for possession of certain lands, the plaintiff introduced a sheriff's deed to the *locus in quo*, in his chain of title, and sought by evidence to estop the defendant as claiming from a common source. The defendant defended upon the ground that there was no evidence that an execution had issued under the judgment. The parties litigant filed an agreement in this Court to the effect that the sheriff's deed "was made under execution" in the case wherein the judgment relied upon was rendered: *Held*, it appeared from the words of the agreement that the execution had issued, and further evidence thereof was unnecessary; but as counsel afterwards agreed that such an admission was not intended by them, the case was decided according to the modified agreement.

**4. Limitation of Actions—Title—Adverse Possession—Former Action—Evidence—Harmless Error.**

In an action for the possession of lands, evidence is incompetent to show that a former suit, wherein no complaint had been filed, was for the same cause and the same relief as this one, for the purpose of rebutting the defense of title by adverse possession; but its admission was harmless in this case.

5. **Deeds and Conveyances—Adverse Possession—Common Source —Senior Title—Evidence.**

When in an action for the possession of land both parties claim from a common source of title, the one holding the senior title, nothing else appearing, is entitled to recover. Whether the deeds covered the *locus in quo* is a question for the determination of the jury.

6. **Evidence—Maps.**

An unofficial map of the land in controversy may be used by a witness to illustrate his testimony or make it intelligible to the court and jury.

7. **Deeds and Conveyances—Indorsement on Deed—Evidence.**

An indorsement on a deed which does not refer to the deed and with nothing to show why and by whom or under what authority it was made, is incompetent to alter or change the description of the lands conveyed.

APPEAL by defendant from *Cooke, J.,* at November Term, 1910, of WAYNE.

*M. T. Dickinson and Aycock & Winston for plaintiffs.*
*W. T. Dortch and W. C. Munroe for defendants.*

WALKER, J. This is an action to recover land. There was a verdict and judgment for the plaintiffs, and defendant appealed. Plaintiffs sought to show that both parties claimed title from a common source, that is, under William Lewis, the original owner of the land, for the purpose of estopping the defendant. In order to do this, they introduced a deed from John T. Kennedy, sheriff, to John Coley, whose lands at his death were divided among his heirs, and tract No. 2 allotted to the *feme* plaintiff, which includes the land in controversy. Plaintiff introduced other deeds for the land, but the sheriff's deed is the only one we need consider. Deeds were introduced showing that defendants claimed the land under William Lewis. There was no evidence of an execution against William Lewis, under which the land was sold, but the case was argued upon the theory that the deed recited the executions against him, under which the land was sold and the deed executed to the purchaser, John Coley.

At the hearing in this Court, the following agreement, signed by the respective counsel, was brought to our notice and filed in the record. This agreement referred to the sheriff's deed, and is as follows:

"This deed was made under executions in the case of John L. Bridgers v. William Lewis, in the County Court of Wayne County, and in the cases of C. L. Perkins v. William Lewis, and E. B. Borden v. William Lewis, in the Superior Court of Wayne County."

Afterwards a certified copy of the sheriff's deed was filed, and it appears therefrom that the deed contains full recitals of the several executions in favor of John L. Bridgers, C. L. Perkins, and E. B. Borden against William Lewis, which had issued from the County and Superior Courts of Wayne County, and under which the sale of the land was made by the sheriff and the deed executed to John Coley, who was the purchaser.

The question raised in this Court by the counsel of defendant was that the chain of plaintiffs' title from William Lewis was not complete, by reason of the fact that they had not shown in evidence any execution authorizing the sheriff to levy upon and sell the land. It may be that the parties did not intend to agree that executions had actually issued, but only that the deed contained a recital to that effect; but we must construe the agreement as it is written, and so construed, it means but one thing, viz., that "the deed was made under executions in the case of John L. Bridgers and others," which, of course, means that the executions were issued and the sheriff sold the land under them. It could not well have been made otherwise under them. We do not think the recital would have been sufficient as evidence that the executions had been issued.

Plaintiffs relied on *Wainwright v. Bobbitt* to sustain their contention that it is, at least, *prima facie* evidence of the fact. But in that case there was some evidence of a search made by the clerk of the court for the execution, and the docket entries showed that executions had been issued on the judgment. Unless this reconciles that case with former decisions of this Court, we cannot approve what is said by the Court, that more recent decisions have settled the doctrine that the recital in a

sheriff's deed, as to the issue of executions, is *prima facie* evidence of the fact. We think our cases are all the other way, and we have uniformly and consistently held, since the decision in *Rutherford v. Raburn,* 32 N. C., 144, modifying the doctrine as stated in *Hamilton v. Adams,* 6 N. C., 161, that the plaintiff in the judgment, who is also purchaser at the sale under execution, must show judgment and execution, but a stranger to the judgment, only the execution. When the execution is lost, the recital in the sheriff's deed, that one had issued under which he made the sale, is *prima facie* evidence of the fact.

*Hardin v. Cheek,* 48 N. C., 135, is cited in *Wainwright v. Bobbitt,* and is also relied on by plaintiffs. But that case was distinguished from prior decisions in *Rollins v. Henry,* 78 N. C., 342, by the fact that the judgment and execution were very ancient, dating back to 1775, eighty years before the trial of the ejectment. The particular objections in *Hardin v. Cheek* were, first, that there was no judgment; but this was answered by the statement that the plaintiff was not a party to the judgment, and therefore was not required to show that it had been rendered; second, that there was no evidence, not of the execution, but of the levy and sale, which were recited in the sheriff's deed. These were official acts of the sheriff, and under the authorities the recital, perhaps, was evidence of them, and they could be proved by parol. *Miller v. Miller,* 89 N. C., 402; *Rollins v. Henry, supra; McKee v. Lineberger,* 87 N. C., 182.

The levy, advertisement, and sale are acts done by the sheriff and in his official capacity, and are susceptible of oral proof, and besides, being the acts of a sworn officer, the recital of them in his deed, like similar recitals in a return by the officer, is *prima facie* evidence that the facts are truly stated. We find it stated in 17 Cyc., 1349, that upon the sale of property by an officer the recital in his deed of compliance with the various requirements of the statute is *prima facie* evidence of the fact, but it may be overcome by testimony proving its falsity. This statement, of course, is to be considered as subject to certain rights of a purchaser, who buys without notice of an irregularity. It is further said that, in some jurisdictions, a judgment and execution must be produced, and there-

after the recitals in the sheriff's deed, as to his acts thereunder, such as levy, advertisement, and sale, are *prima facie* evidence of such facts. The author (Hon. John G. Carlisle) refers to statutes in other jurisdictions as requiring recitals of judgments, execution, and so forth, in the sheriff's deed, and making them evidence of the facts therein stated. The annotator of the text seems to say that *Wainwright v. Bobbitt* is in conflict with the other decisions of this Court; but we think it can be brought into harmony with them in the way we have indicated. Where it is said that the recital is *prima facie* evidence that an execution had been issued, the language of the Court must be construed with reference to the particular facts of the case then being decided, and it will be found that the expression is used with reference to proof that the execution had been lost, or reference is made to the official acts of the sheriff, such as levy and sale. We take it that *Rollins v. Henry* finally and conclusively settled the law in this respect, for *Justice Rodman* there says: "The rule which seems to be established, and which is supported by reason, appears to be this: The return to an execution is ordinarily the best evidence of a levy and sale under it. But when the execution has not been returned to the clerk's office, and it, with any return on it, has been destroyed or lost, and it is proved otherwise than from the recital that there was a judgment and execution, the recital in a sheriff's deed is *prima facie* evidence of the levy and sale, they being official acts of the sheriff, even although the sale was not *(sic)* a recent one. The rule is intended to be applicable only to cases like the present, and does not touch cases like *Hardin v. Cheek,* where the deed was an ancient one, but there was no proof of a judgment and execution."

We have discussed this question somewhat at length because of its great importance, and as it is very likely to arise in everyday practice.

The act of issuing an execution is not that of the sheriff, but of the clerk, and can easily be proved by the execution itself, or in its absence, if lost, by the record, and if not, then the recital in the sheriff's deed becomes *prima facie* evidence. In this case, though, it is admitted that executions were issued, as we have shown.

It appears that a former suit was brought, but no complaint filed, and plaintiffs were permitted to show by parol what was the cause of action in that case, for the purpose, we presume, of rebutting the defense of the statute of limitations, or, to be more exact, the claim of title by adverse possession. If it had been material to show that the two actions were for the same cause and the same relief, the ruling would be erroneous. The point was decided against the contention of the plaintiffs in *Bryan v. Malloy,* 90 N. C., 508, in which *Justice Ashe* says: "Verdicts, judgments, depositions in a former cause, and the former testimony of deceased witnesses are considered as resting on the same principle. . . . The plaintiffs offered parol evidence to show that the action was brought to set aside the deed made by the Sinclairs to Kennedy. But his Honor excluded the evidence and the deposition taken in the cause. The plaintiffs alleged error in these rulings, and in support of their position relied upon the cases of *Long v. Baugas,* 24 N. C., 290, and *Yates v. Yates,* 81 N. C., 397. In the former of these cases *Chief Justice Ruffin,* who spoke for the Court, said: 'If the record can be aided by the averments and parol evidence, as held in New York, we find according to those cases that it can only be done when from the form of the issues the record does not and could not show the grounds upon which the verdict proceeded, and when the grounds alleged are such as might legally have been given in evidence, under the issue, and were in evidence in such way as to make it appear from the issue and verdict that these facts and grounds must have been necessarily and directly in question, or determined, and that upon these grounds, and no other, the verdict must have been found.' In *Yates v. Yates* the Court cited this decision with approval, and reiterated the doctrine there enunciated. The principle established in these adjudications is, that parol proof is admissible and only admissible in aid of the record; that is, whenever the record of the first trial fails to disclose the precise point on which it was decided, it is competent for the party pleading it as an estoppel to aver the identity of the point or question on which the decision was had, and to support it by proof. But there must be a record to be aided. When there is no record,

as in our case (in which there was no complaint), there is no foundation for the proof." But our examination of the record does not disclose to us any such evidence of the defendant's adverse possession as made the testimony material or the fact of a former suit essential. Plaintiff might well recover without it; the statute was not in their way, and therefore the error was harmless.

The real question in the case was whether the parties claimed title from a common source, the plaintiff having the older title, and the evidence showed that they did. The judge left it to the jury to say if this was true, and also required them to find that the plaintiffs' deeds covered the *locus in quo.* The jury found with the plaintiffs on this question, and as the parties claimed from a common source of title, and the plaintiffs held the senior title, they were entitled to recover. *Bowen v. Perkins,* 154 N. C., 449.

There are numerous exceptions to evidence relating to the location of the land, but no new principle is involved. The facts proposed to be elicited all tended to show that the description in the plaintiffs' deed embraced the land, and the evidence, therefore, was admissible.

It was competent for the court to permit a witness to use even an unofficial map for the purpose of illustrating his testimony or of making it intelligible to the court and jury. *Andrews v. Jones,* 122 N. C., 666, and cases cited; *Pickett v. R. R.,* 153 N. C., 148.

The entry which was indorsed on the deed was no part thereof, and was, therefore, incompetent as evidence to alter or change its description of the land. There is no reference in the deed to it, and nothing to show who put it there or by what authority the entry was made.

Since this opinion was prepared, counsel have agreed, in writing, that it was not their intention to admit that the sheriff's deed was actually made after a sale under execution which had duly issued from the court, but only that the deed recited that fact, and if their former agreement is otherwise expressed, it was inadvertently done. Upon this assurance of counsel, which we now adopt as the true meaning of their stipulation, we must

DALTON *v.* BROWN.

declare, in accordance with our ruling, that there was error in receiving the recitals of the sheriff's deed as *prima facie* evidence that executions had issued, without any preliminary proof of search for the executions and their loss. Because of this error, the judgment is reversed and a new trial ordered.

New trial.