J. E. HONEYCUTT, ADMINISTRATOR OF THE ESTATE OF JOSEPH H. OVERBY,
DECEASED, v. CHEROKEE BRICK COMPANY.

(Filed 23 January, 1929.)

**Master and Servant—Liability of Master for Injuries to Servant—Photographs as Evidence of Master's Negligence.**

The admission of photographs of the machine upon which it is alleged
the plaintiff's intestate was killed, should be confined for the purpose of
allowing witnesses to explain their testimony in respect thereto, and the
admission of such photographs as substantive evidence of the master's
failure to supply his servant safe tools and appliances is reversible error.

CIVIL ACTION, before *Harding, J.,* at May Special Term, 1928, of
MECKLENBURG.

The plaintiff is the duly qualified administrator of the estate of
Jos. H. Overby.

The evidence tended to show that Jos. H. Overby was employed by
the defendant at its brick plant as a brick burner, and that in the line of
his duty he operated the brick machine. "When working at the mill he
would either pull the clay up in the mill at this particular machine or
run what they call the mud machine. The man who operated this par-
ticular machine would oil it when operating it. Whoever operated it
kept it oiled. On the day of his death Jos. H. Overby was found in the
gear wheels of the mud machine. His clothes were torn practically all
off and he was practically torn in two. . . . There was no guard
over the gear at the time. One could have been placed over it."

There was no evidence tending to show how plaintiff's intestate was
killed, but the plaintiff introduced in evidence paragraph (a) of the
further answer and defense, which is as follows: "That deceased was so
injured as a result of his oiling or undertaking to oil certain of the
machinery in defendant's plant, and while the same was in motion."

Issues of negligence, contributory negligence and damages were sub-
mitted to the jury and answered in favor of plaintiff.

The jury awarded damages in the sum of $20,000.

From judgment upon the verdict the defendant appealed.

*Plummer Stewart for Hamilton C. Jones (James A. Lockhart Estate),
for plaintiff.*

*Robert Ruark; Ruark & Fletcher, J. W. Bailey and J. F. Flowers for
defendant.*

BROGDEN, J. Certain photographs of the machine, upon which it was
alleged the deceased was killed, and the surroundings and attachments
thereof were offered in evidence. There was evidence tending to show

that these photographs correctly represented the machine and the surroundings, and they were received in evidence generally and as substantive evidence, over the objection of defendant.

The courts are not in accord upon the question of the admissibility of photographs. In this State photographs, taken two years or more after an injury, and where there was evidence of changes in the situation, were held inadmissible either as substantive evidence or otherwise. *Hampton v. R. R.,* 120 N. C., 534, 27 S. E., 96.

Thereafter, in *Pickett v. R. R.,* 153 N. C., 149, 69 S. E., 8, the rule with respect to the competency of photographs was thus expressed by *Walker, J.:* "The court, over defendant's objection, permitted these photographs to be used for the purpose of enabling a witness to explain his testimony as to what effect the diversion of the water had upon the land. Preliminary proof was heard as to the correctness of the photographs and as to the time and manner in which they were made. There was no error in admitting them for the purpose indicated."

Again, in *S. v. Jones,* 175 N. C., 709, 95 S. E., 576, the Court said: "The exceptions as to the use of the photograph for the purpose of allowing one of the witnesses to illustrate or explain his testimony is not well taken. The witness was endeavoring to show how the parts of the distillery which were found in the house might be assembled so as to make a complete apparatus for manufacturing liquor. He could use a diagram for the purpose, and why not a photograph? The trial judge excluded it for any other purpose, and distinctly charged the jury to disregard it, except for the indicated purpose and not to use it as substantive testimony."

In *Elliott v. Power Co.,* 190 N. C., 62, 128 S. E., 730, *Varser, J.,* writing the opinion, said: "All of these pictures were used to explain the witnesses' testimony to the jury. It was not error for the court to allow the jury to consider the pictures for this purpose and to give them such weight, if any, as the jury may find they are entitled in explaining the testimony. The charge shows plainly that the court was careful to apply this rule to use of the pictures offered by either side, and when the charge is considered contextually, it appears the court was cautioning the jury not to consider pictures not in evidence."

The principles announced in the foregoing decisions have been consistently recognized and applied. *Hoyle v. Hickory,* 167 N. C., 619, 83 S. E., 738; *S. v. Kee,* 186 N. C., 473, 119 S. E., 893; *S. v. Mitchem,* 188 N. C., 608, 125 S. E., 190; *S. v. Matthews,* 191 N. C., 378, 131 S. E., 743; *Kepley v. Kirk,* 191 N. C., 690, 132 S. E., 788.

Applying the rules established by our decisions, we conclude, and so hold that the admission of the photographs as substantive evidence constituted error.

New trial.